**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PERRY LEE RAY FORD, #1856513,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:15-CV-0658-M-BK | |
| § | | |
| **DEPUTY MICHAEL RICHARDSON,** § | | |
| et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On February 27, 2015, Plaintiff filed his complaint in this cause, naming as defendants Deputy Michael Richardson and a "John Doe (Deputy Todd)" of the Wayne McCollum Detention Center in Waxahachie, Texas. Doc. 3 at 3. He asserts that Richardson and Todd denied him "immediate medical attention" on March 19, 2013, after he was shocked[1] with a stun cuff, which had been attached to his left ankle while at the Ellis County Courts Building. According to Plaintiff, Richardson shocked him when he refused to change into trial clothing,

---

[1] Plaintiff uses the term "tased" in apparent reference to the action of a TASER®, which, like a Stun-Cuff, delivers an electrical current (shock) to incapacitate the recipient. *See* Stun Cuff: Wireless Prisoner Control, available at http://www.stun-cuff.com/files/1558099/uploaded/NewBrochure.pdf.

laid on the floor face down, and declined to go to court because of a conflict of interest with his attorney. Doc. 7 at 5. Plaintiff states he promptly asked Richardson and Todd for medical attention and "to take the stun cuff off to check for injury, because his ankle did not feel right." Doc. 7 at 8. However, he claims neither officer responded. Doc. 3 at 4; Doc. 7 at 8, 10. As a result, he contends he was left wearing the stun cuff without medical attention until 5:00 p.m., when he was returned to his cell at the Wayne McCollum Detention Center, and was seen shortly after by a medical provider. Doc. 7 at 8-9, 10.

Plaintiff maintains that he was the first inmate from the Wayne McCollum Detention Center to wear and be shocked with a stun cuff. Doc. 7 at 9. Regarding the injury sustained, he avers that "[t]he activation of the stun cuff caused a burn deterioration of [his] skin and flesh until it penetrated the bone of [his] left ankle," and that it left "two permanent scars and a[n] impairment in [his] left ankle." Doc. 7 at 11. Shortly after the incident, Plaintiff also claims he began "experiencing a chronic pain around the joint of his ankle," for which he is still being treated today. Doc. 7 at 11-12. He requests "a declaration that acts and omission described . . . violate[d] his rights." Doc. 3 at 4.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. RULE CIV. PROC. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's complaint fails to state a claim upon which relief may be granted.

To state a constitutional violation for denial of medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2]  The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and healthcare providers is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (2001).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement

---

[2] Although Plaintiff was a pretrial detainee during the events in question, the same standard applies to his medical care claim.  *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)) (pretrial detainees may bring constitutional challenges "under two alternative theories:  as an attack on a 'condition of confinement' or as an 'episodic act or omission'").  Because Plaintiff complains of harm suffered as a result of the denial of medical care following the stun-cuff incident on March 19, 2013, the Court analyzes his claim as an episodic act case, which requires him to establish that the defendants acted with subjective deliberate indifference.  *Shepherd*, 591 F.3d at 452.

with his medical treatment, absent exceptional circumstances." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (quoting *Gobert*, 463 F.3d at 346). Moreover, "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Id.* (quoted case omitted).

     Here, Plaintiff's general assertions of denial of "immediate medical attention" (which the Court accepts as true) offer nothing more than "labels and conclusions." *Twombly*, 550 U.S. at 555. While Rule 8(a), of the Federal Rules of Civil Procedure, does not require a plaintiff to include detailed factual allegations, a litigant must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff merely asserts that he asked the officers for medical attention and "to take the stun cuff off to check for injury, because his ankle did not feel right," and that the officers did not respond. Doc. 3 at 4; Doc. 7 at 8, 10. Plaintiff does not claim that the officers knew that he "face[d] a substantial risk of serious bodily harm" and that they "disregard[ed] that risk by failing to take reasonable measures to abate it." *Gobert*, 463 F.3d at 346. Indeed, apart from the initial request for medical care and to remove the stun cuff, the complaint is silent about any subsequent plea for help or complaint of pain.

     Even assuming that the Court could discern from Plaintiff's allegations that Richardson and Todd knew or should have known of the injury to Plaintiff's ankle, Plaintiff's allegations do not also permit the inference that the Defendants recognized that his ankle injury posed a substantial risk of serious harm or that delaying medical attention until the end of the day (about an eight-hour delay) would result in substantial harm. *See Rogers*, 709 F.3d at 410. Thus, based on the facts presented, the Court cannot surmise that either officer disregarded a substantial risk of serious harm. *See id.*

Accordingly, Plaintiff has failed to allege facts supporting a finding of deliberate indifference to a serious medical need. At the most, Plaintiff's allegation that Richardson and Todd failed to provide immediate medical assistance amounts to negligence. Negligence, however, is not actionable under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (negligence is not cognizable under section 1983). Because Plaintiff has clearly failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, his claim of denial of medical care fails to allege sufficient facts to state a claim that is plausible on its face. *Id.* at 555, 570. Accordingly, Plaintiff' complaint should be dismissed for failure to state claim.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. *See* Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, even taking Plaintiff's factual assertions as true, his section 1983 claim is fatally infirm for the reasons discussed. **Nevertheless, Plaintiff is granted 14 days from the date of this Recommendation to amend his complaint to state a viable claim against one or more Defendants.** If Plaintiff fails to do so, the Court should dismiss this case with prejudice as frivolous. *See* Brown v. Texas A&M Univ., 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,'" he must be permitted to amend his claim if he can do so.).

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint under 42 U.S.C. § 1983 be summarily **DISMISSED** for failure to state a claim upon which relief may be granted, **unless Plaintiff amends his complaint**, **within 14 days of the date of this recommendation**, to allege a viable claim against one or more Defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

SIGNED April 21, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE